COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS



| | | |
|---|---|---|
| EX PARTE: | § | No. 08-24-00406-CR |
| STEVE ENRIQUE QUINTERO RIOS. | § | Appeal from the |
| | § | 409th Judicial District Court |
| | § | of El Paso County, Texas |
| | § | (TC#20150D04760-384-2) |

## **MEMORANDUM OPINION**

Appellant Steve Enrique Quintero Rios, proceeding pro se, has filed a notice of appeal in this Court relating to his Article 11.07 applications for writ of habeas corpus.[1] We conclude that there is no appealable order or judgment, and we dismiss this appeal for want of jurisdiction.

Appellant's notice of appeal was filed in the El Paso District Court on November 15, 2024. Although no clerk's record has been filed in this appeal, the District Clerk forwarded three additional documents to this Court along with the notice of appeal: (1) a docketing certificate, (2) a notice from the Court of Criminal Appeals indicating that Court denied Appellant's application

---

[1] We take judicial notice that this Court previously affirmed Appellant's conviction for murder of his wife. *Quintero Rios v. State*, 08-17-00045-CR, 2019 WL 4058586, at *12 (Tex. App.—El Paso Aug. 28, 2019, pet. ref'd) (not designated for publication).

for writ of habeas corpus without written order on August 25, 2021,[2] and (3) a letter dated October 31, 2024 from Bill D. Hicks, District Attorney for the 34th Judicial District in El Paso County, to the District Clerk regarding a more recent application for writ of habeas corpus. It appears from these additional filings that Appellant has filed a second application for writ of habeas corpus under Article 11.07 of the Texas Code of Criminal Procedure and that the October 31, 2024 letter is the mandated State's response as provided by § 3(b). *See* 11.07 § 3(b) (requiring the attorney representing the state to respond to an application filed in the trial court not later than the 30th day after receipt of the application).

Appellant's notice of appeal states it is a "response" to Mr. Hicks' October 31, 2024 memo, which concludes the merits of Appellant's second application are barred from consideration and should be denied pursuant to Article 11.07 § 4(a). *See* Tex. Code Crim. Proc. Ann. art. 11.07 § 4(a) (stating that a court may not consider the merits of a subsequent application challenging the same conviction unless specific enumerated elements are met). Because Mr. Hicks' memo is not a final order or judgment, we sent notice to Appellant that his appeal would be submitted for dismissal, on or after December 11, 2024, if he did not respond and show cause for the appeal to continue. Appellant timely responded, but his response did not provide grounds for this Court's jurisdiction.

Accordingly, we dismiss the appeal for want of jurisdiction.[3]

---

[2] *Ex Parte Quintero Rios*, WR-92,434-01 (Tex. Crim. App. August 25, 2021).

[3] Article 11.07 divides the responsibility to process writ applications for post-conviction relief between the convicting court and the Court of Criminal Appeals. Tex. Code Crim. Proc. Ann. art. 11.07 §§ 3, 5. To the extent that Appellant's notice of appeal may be construed as challenging the trial court's denial of his writ application, we have no jurisdiction to decide post-conviction Article 11.07 writs. *Ex parte Urias*, 08-21-00201-CR, 2022 WL 287045, at *1 (Tex. App.—El Paso Jan. 31, 2022 no pet.) (mem. op., not designated for publication).

JEFF ALLEY, Chief Justice

December 19, 2024

Before Alley, C.J., Palafox and Soto, JJ.

(Do Not Publish)